**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | CRIMINAL NUMBER 21-60 |
| | : | |
| | : | |
| TYRONE J. DANSBY | : | |

## DEFENDANT'S SENTENCING MEMORANDUM

Tyrone Dansby was born and resided in rural Alabama. During his teen-aged years he met a woman, approximately his age, who lived in Philadelphia, but would come to Alabama to stay the summer with her father. Following high school, when he was nineteen years old and with few job prospects, he decided to come visit her in Philadelphia. Whatever relationship he thought he had with this young woman, turned out to be something different. Still, he was permitted to reside here with the woman's mother and her younger brother and others. He worked various jobs for short periods, some through temp agencies, but his financial situation was fragile at best.

By his own admission Tyrone Dansby is a country boy. He describes himself as "slower" than the "city" people in Philadelphia. His naivete was a factor in his involvement in the purchase of firearms for illicit resale. When he was told by some of his acquaintances in Philadelphia that he could make some money by buying and selling guns, he did not fully appreciate how serious his conduct was. He also at first did not appreciate how dangerous the people with whom he was dealing were. Now he has a federal conviction and faces sentencing in this Court and in Montgomery County in Pennsylvania, where he has pled guilty to 68 charges with a sentencing cap of 25 – 50 years (1222 charges were dismissed pursuant to a *nolle prosequi*).

The government and the defense are recommending a sentence of 30 months pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).  This is a below-guideline sentencing recommendation, but it takes into account the substantial likelihood of a much greater sentence being imposed in the Court of Common Pleas.  The recommended sentence is sufficient, but not greater than necessary to meet the statutory considerations for sentencing – punishment, deterrence, creation of respect for the law, and rehabilitation.  Mr. Dansby likely faces additional decades of incarceration, when he is sentenced in state court.

The defense disagrees with the calculation of the applicable sentencing guideline range by the Probation Office on at least two bases.  First, there is no reason to withhold the three level reduction for acceptance of responsibility.  The Probation Office takes the position that the reduction should not be applied, because Mr. Dansby obstructed justice at the start of the prosecution of this case.  *See* ¶¶ 49 – 53 of the Presentence Investigation Report, date February 13, 2023.  Mr. Dansby's obstructive conduct had ended prior to his signing of the plea agreement and entry of his change of plea.  The plea agreement contains a stipulation that he is entitled to the reduction for acceptance of responsibility and that is because in the end he did accept responsibility and saved the government the effort of preparation for trial.  Second, the enhancement for number of firearms at ¶ 58 of the Report is two levels too high.  Mr. Dansby does not deny that he purchased some 66 firearms in Pennsylvania, but the firearms charge in this Indictment alleges that he traveled interstate for the purpose of dealing in firearms.  He did not travel interstate with respect to the firearms purchased in Pennsylvania and allegedly distributed in Pennsylvania.  The purchase and sale of these firearms is not relevant conduct for Counts 2 and 3 charging conspiracy and travel to deal in firearms without a license.  The relevant conduct for those charges is detailed in ¶¶ 44 and 47 of the Presentence Investigation Report –

the 41 firearms purchased for him by his brother and step-father in Alabama.[1]  This number of firearms would dictate a six level enhancement and not an eight level enhancement pursuant to U.S.S.G. § 2K2.1(b)(1).  The upshot of the defendant's objections is that the total offense level should be no higher than 23 and not 28 as the Probation Office has offered.  The applicable sentencing guideline range should therefore be no higher than 46 – 57 months.

Given that Mr. Dansby faces a possible 25 – 50 year sentence in Montgomery County for his illegal sale of firearms, the recommended sentence of 30 months in this matter is sufficient, but not greater than necessary to satisfy the purposes of sentencing.  Because he is in the primary jurisdiction of the federal authorities, this Court's sentence will be served first. When he is released on the federal sentence, he will begin to serve any sentence imposed in Montgomery County.  Mr. Dansby is now 26 years old and could well be past his fiftieth birthday, when he next sees freedom.  There is no need to add further to this punishment.

Respectfully submitted,

/s/ *Mark Wilson*
Mark Wilson
Senior Trial Counsel

---

[1] The parties stipulated in the plea agreement that the offense level should be calculated on the basis of 47 firearms being involved in the defendant's conduct in Counts 2 and 3.  Whether the number is 47 or 41, the same six level enhancement would apply pursuant to U.S.S.G. § 2K2.1(b)(1)(C), not the 8 level enhancement applied by the Probation Office.