**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| **v.** | **:** | **CRIMINAL NO. 21-CR-00060-1** |
| **TYRONE DANSBY** | **:** | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The defendant was charged in a superseding Indictment with false statements to federal agents, in violation of 18 U.S.C. § 1001(a)(2) [Count 1], conspiracy, in violation of 18 U.S.C. § 371 [Count 2], and travel with intent to deal in firearms without a license, in violation of 18 U.S.C. § 924(n) [Count 3]. The charges arose from Dansby's participation in a scheme to straw purchase firearms and sell them unlawfully

The defendant entered a plea of guilty to the indictment. His plea was entered pursuant to pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The parties agreed that 30 months' imprisonment, a three-year period of supervised release, a $300 special assessment, and a fine, if any, to be determined by the Court would be an appropriate sentence. The government recommends that the Court impose the agreed-upon sentence.

## I.    BACKGROUND

Dansby's offense conduct is accurately recounted in the PSR at ¶¶ 18-47, and will not be repeated here in the interest of brevity. In sum, Dansby was questioned by ATF special agents during a gun trafficking investigation, and gave the agents false information. He went on to engage with several other men to obtain guns in Alabama through straw purchases, and traffick those guns into Pennsylvania for resale on the black market.

**II.    THE SENTENCING CALCULATION**

    A.    Statutory Maximum Sentence:

A violation of 18 U.S.C. § 1001 (Count One) carries a maximum penalty of five years' imprisonment, three years' supervised release, a $250,000 fine, and a $100 special assessment. A violation of 18 U.S.C. § 371 (Count Two) carries a maximum penalty of five years' imprisonment, a two-year period of supervised release, a $250,000 fine, and a $100 special assessment. A violation of 18 U.S.C.§ 924(n)(Count Three) carries a maximum penalty of ten years' imprisonment, three years' supervised release, a $250,000 fine, and a $100 special assessment.

The total maximum penalty is thus 20 years' imprisonment, three years' supervised release, a $750,000 fine, and a $300 special assessment.

    B.    Sentencing Guidelines Calculation:

The government agrees that Dansby is properly assigned to Criminal History Category I PSR¶ 71; and that, as an initial matter, his offense level is properly calculated at 28. PSR¶ 66. This yields a guideline range of 78-97 months. PSR¶ 110.

The government recognizes that the sentence agreed upon by the parties of 30 months' imprisonment, a three-year period of supervised release, a $300 special assessment, and a fine, if any, to be determined by the Court falls below the bottom of that range. The government nonetheless urges the Court to accept that agreement, since it reflects an appropriate sentence under the facts of this case. This is so because the defendant faces substantial additional punishment in a directly related case in the state courts of Montgomery County Pennsylvania. PSR¶ 68. The guideline calculations here rely, in part, on conduct that will be punished in that case; for example, 66 of the firearms that contribute to the offense level calculations here,

2

PSR¶ 58, are also the subjects of the Montgomery County prosecution, and will be considered by that Court in sentencing Dansby there.

The 18 U.S.C. § 3553(a) factors:

A thorough consideration of all of the sentencing factors set forth in 18 U.S.C. § 3553(a) suggests that the most appropriate sentence in this case is that recommended and agreed upon by the parties.

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall v. United States, 128 S. Ct. 586, 596 (2007). Thus, the Sentencing Guidelines remain an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses.

This Court must also consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.   18 U.S.C. § 3553(a).[1]

---

[1]   Further, the "parsimony provision" of Section 3553(a) states that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." The Third

Consideration of the 3553(a) Factors.

(1)     The nature and circumstances of the offense and the history and characteristics of the defendant:

The defendant's crimes were serious; he circumvented federal and state laws designed to prevent the flow of illegal firearms into the criminal underworld. That said, he als has no prior criminal contacts as either a juvenile or an adult. He crimes in this case have resulted in his arrest and prosecution both here in this Court and in the state courts of Pennsylvania, where he faces a significant additional sentence in state prison. The 30-month sentence agreed upon by the parties appropriately recognizes the unacceptable danger that the defendant was willing to impose on his community, while also recognizing his history, and the severity of the aggregate sentence he will receive from both jurisdictions.

(2)     The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense:

The recommended sentence confines The defendant for 30 months. After that he will be supervised for three more years by the Probation Department. PSR ¶¶ 113-114. He will serve an additional sentence in the Pennsylvania prisons for his crimes there. Such a punishment is stern, but appropriate and necessary to reflect the seriousness of his crimes.

(3)     The need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant:

As noted above, under this recommendation The defendant faces a considerable federal prison term, followed by a period of supervised release. He will also serve time in a

---

Circuit has held that "district judges are not required by the parsimony provision to routinely state that the sentence imposed is the minimum sentence necessary to achieve the purposes set forth in § 3553(a)(2). . . . '[W]e do not think that the "not greater than necessary" language requires as a general matter that a judge, having explained why a sentence has been chosen, also explain why some lighter sentence is inadequate.'" United States v. Dragon, 471 F.3d 501, 506 (3d Cir. 2006) (quoting United States v. Navedo-Concepcion, 450 F.3d 54, 58 (1st Cir. 2006)).

4

Pennsylvania state prison. He will thus be deterred from further crime. General deterrence is also served. Those contemplating similar violations of law would be deterred at the prospect of a similar punishment.

(4)     The need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner:

The PSR does not specify any educational needs for this defendant. .

(5)     The guidelines and policy statements issued by the Sentencing Commission:

Guilty pleas under Rule 11(c)(1)(A) are recognized by the guidelines, USSG § 6B1.1.

(6)     The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct:

The government believes that this sentence would be consistent with others similarly situated.

(7)     The need to provide restitution to any victims of the offense:

There is no restitution in this case.

## III.    **CONCLUSION**

In light of the above, the government recommends that the Court impose the 30-month sentence agreed upon by the parties.

Respectfully submitted,

Jacqueline C. Romero
United States Attorney

*/s/ Joseph LaBar*
JOSEPH A. LaBAR
Assistant United States Attorney

5

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within Government's Sentencing

Memorandum has been served this date via e mail to the following defense counsel:

> Mark Wilson, Esq.
> Federal Community Defender
> Office 601 Walnut Street, Suite
> 540 West
> Philadelphia, PA 19106
> mark_wilson@fd.org

> */s/ Joseph LaBar*
> JOSEPH A. LaBAR
> Assistant United States Attorney

Date: February 17, 2023